UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES LEE BLAYLOCK,

                    Petitioner,                    Case No. 10-15044

v.                                      Honorable Patrick J. Duggan

SHERRY BURT,                     Magistrate Judge Paul J. Komives

                    Respondent.
_____/

## OPINION AND ORDER (1) ADOPTING REPORT AND RECOMMENDATION IN PART, (2) DENYING PETITIONER'S WRIT FOR HABEAS CORPUS, AND (3) DENYING IN PART AND GRANTING IN PART A CERTIFICATE OF APPEALABILITY

Petitioner James Lee Blaylock, a Michigan Department of Corrections prisoner currently confined at the Muskegon Correctional Facility in Muskegon, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 20, 2010.  In his application, Petitioner challenges his convictions for armed robbery, in violation of Michigan Compiled Laws § 750.529, and possession of a firearm in the commission of a felony, in violation of Michigan Compiled Laws § 750.227b, on the grounds that he was denied the effective assistance of trial counsel and the effective assistance of appellate counsel as guaranteed by the Sixth Amendment to the United States Constitution.  On July 26, 2013, Respondent answered the petition contending that Petitioner's claims

lack merit.  (ECF No. 12.)  Respondent filed the corresponding Rule 5 materials on

July 29, 2013.[1]  (ECF Nos. 13-15.)  On July 30, 2013, the Court referred the

lawsuit to Magistrate Judge Paul J. Komives for all pretrial matters, proceedings,

including a hearing and determination of all non-dispositive matters pursuant to 28

U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive

matters pursuant to 28 U.S.C. § 636(b)(1)(B).  (ECF No. 16.)

This action is presently before the Court on Magistrate Judge Komives's

Report and Recommendation ("R&R"), issued on December 26, 2013, (ECF No.

18), and Petitioner's timely objections thereto, (ECF No. 19).  In the R&R,

Magistrate Judge Komives analyzes the four ineffective assistance of counsel

claims set forth in the petition – three of which relate to the effectiveness of trial

counsel – and concludes that each claim lacks merit.  Consistent with this

conclusion, the R&R recommends that this Court deny the petition and decline to

issue a certificate of appealability on each of the four issues raised therein.

---

[1] Although filed over two-and-a-half years after the petition, Respondent's answer is timely.  On the same day Petitioner filed his habeas petition, Petitioner also filed a motion asking this Court to stay the habeas proceedings and hold the petition in abeyance while he returned to the state courts to exhaust additional claims.  (ECF No. 2.)  The Court granted this motion in an Opinion and Order dated January 18, 2011.  (ECF No. 4.)  On May 29, 2013, and upon Petitioner's motion to reinstate the habeas proceedings, the Court determined that Petitioner had complied with the terms of the stay and abeyance order and issued an Order lifting the stay.  (ECF No. 9.)  In that Order, the Court directed Respondent to respond to the petition and to file the state court records (the Rule 5 materials) necessary to adjudicate Petitioner's claims.  (Id.)

For the reasons stated herein, the Court adopts the R&R in part. Specifically, the Court adopts the R&R with respect to the three ineffective assistance of trial counsel claims. Because the R&R failed to incorporate any discussion of evidence pertinent to Petitioner's single claim of ineffective assistance of appellate counsel, the Court does not adopt the portion of the R&R addressing this issue. The Court does, however, agree with Magistrate Judge Komives's conclusion that the writ of habeas corpus should not issue. Apart from the analytical differences in evaluating Petitioner's appellate counsel claim, this Court departs from the R&R on the issuance of a certificate of appealability. Thus, for the reasons that follow, the Court denies Petitioner's habeas application, denies a certificate of appealability in connection with Petitioner's ineffective assistance of trial counsel claims, but grants a certificate of appealability on the issue of appellate counsel's effectiveness.

## I.      STANDARD OF REVIEW

### A.      Review of the R&R and Petitioner's Objections

The Federal Magistrates Act of 1968, Pub. L. No. 90-578, 82 Stat. 1107, "creates two different standards of review for district courts when a magistrate court's finding [or recommendation] is challenged in district court [by way of a party's objection]. A district court shall apply a 'clearly erroneous or contrary to law' standard of review for the 'nondispositive' preliminary measures of [28

U.S.C.] § 636(b)(1)(A).  []  Conversely, 'dispositive motions' excepted from §

636(b)(1)(A), . . . are governed by the *de novo* standard." *United States v. Curtis*,

237 F.3d 598, 603 (6th Cir. 2001) (internal quotations omitted); *see also* 28 U.S.C.

§ 636(b)(1)(A)-(B); Fed. R. Civ. P. 72.

Parties objecting to a magistrate judge's report and recommendation must do

so "[w]ithin fourteen days after being served with a copy[.]"  28 U.S.C. §

636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).  A party's failure to file specific objections

to the report and recommendation waives any further right to appeal on those

issues.  *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th

Cir. 1987).  Likewise, the failure to object to certain conclusions in the magistrate

judge's report releases the Court from its duty to independently review those

issues.  *See Thomas v. Arn*, 474 U.S. 140, 149, 106 S. Ct. 466, 472 (1985)

("[S]ection 636(b)(1) does not on its face require any review at all, by either the

district court or the court of appeals, of any issue that is not the subject of an

objection.").

When objections are filed to a report and recommendation on a dispositive

matter, such as the instant habeas petition, courts are directed to "make a *de novo*

determination of those portions of the report or specified proposed findings or

recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); Fed. R.

Civ. P. 72(b)(2).   In completing this *de novo* review, courts reexamine the

4

relevant evidence to determine whether the recommendation should be "accept[ed], reject[ed], or modif[ied], in whole or in part[.]"  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).  The *de novo* standard does not, however, require a court "to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted).

**B.    Review of Habeas Petitions**

In assessing the viability of Petitioner's claims, this Court is mindful that review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Pub. L. No. 104-132, 110 Stat. 1214.  In order to grant relief, this Court must conclude that the state court's decision "with respect to any claim that was adjudicated on the merits in State court proceedings" was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[]" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

The Supreme Court has expounded upon the meanings of the two clauses contained in 28 U.S.C. § 2254(d)(1).  *Williams v. Taylor*, 529 U.S. 362, 405, 120 S. Ct. 1495, 1519 (2000) ("[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning.").  "A state-court decision is contrary to clearly established federal law if the state court applies a rule that contradicts the

5

governing law set forth in [the Supreme Court's] cases or if the state court

confronts a set of facts that are materially indistinguishable from a decision of [the

Supreme] Court and nevertheless arrives at a result different from [that]

precedent." *Murphy v. Ohio*, 551 F.3d 485, 493-94 (6th Cir. 2009) (alterations in

original) (internal quotation marks omitted) (quoting *Williams*, 529 U.S. at 405,

120 S. Ct. at 1519).  Alternatively, "[i]f the state court identifies the correct

governing legal principle . . . , habeas relief is available under the unreasonable

application clause if the state court unreasonably applies that principle to the facts

of the prisoner's case or unreasonably extends or unreasonably refuses to extend a

legal principle from the Supreme Court precedent to a new context." *Akins v.*

*Easterling*, 648 F.3d 380, 385 (6th Cir. 2011) (internal quotation marks and

alterations omitted).  A federal court may not find a state court's application of

Supreme Court precedent unreasonable if it is merely "incorrect or erroneous.

[Rather, t]he state court's application must have been 'objectively unreasonable.'"

*See, e.g.*, *Wiggins v. Smith*, 539 U.S. 510, 520-21, 123 S. Ct. 2527, 2535 (2003)

(citations omitted).

Factual determinations made by state court judges in the adjudication of

claims cognizable on habeas review are accorded a presumption of correctness.

*See* 28 U.S.C. § 2254(e)(1).  A habeas petitioner may rebut this presumption only

with clear and convincing evidence.  *Id.*  Moreover, habeas review of claims

6

adjudicated on the merits in state courts is "limited to the record that was before

the state court." *Cullen v. Pinholster*, 563 U.S. __, 131 S. Ct. 1388, 1398 (2011).

## II.   ANALYSIS OF PETITIONER'S OBJECTIONS

Objection #1:

Petitioner first objects to Magistrate Judge Komives's conclusion that

Petitioner's trial counsel was not constitutionally-ineffective for failing to seek

suppression of the photographic array identification, which Petitioner claims was

unduly suggestive, and the subsequent in-court identification by the victim.

Specifically, Petitioner argues that trial counsel should have sought suppression of

the identifications because such a motion "had [] arguable merit and trial counsel

should have at the bare minimum attempted to file a motion to suppress the only

evidence in the case against his client[.]"  (Pet'r's Objs. 1.)

In order to prevail on a claim that counsel did not function in accordance

with the dictates of the Sixth Amendment, Petitioner was required to show that his

attorney's performance was constitutionally deficient and that he was prejudiced as

a result. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064

(1984).  To succeed on the prejudice prong in connection with his claim that

counsel was ineffective for failing to seek suppression of evidence, Petitioner was

required to "show a reasonable probability that . . . [his] motion to suppress would

have succeeded had it been timely filed."  *McCalvin v. Yukins*, 444 F.3d 713, 722

7

(6th Cir. 2006).  The Michigan Court of Appeals rejected this claim on the merits and this Court agrees with Magistrate Judge Komives that the state court did not unreasonably apply Supreme Court precedent in rejecting Petitioner's identification-related *Strickland* claim.[2]

No record evidence corroborates Petitioner's assertion that the photographic array was impermissibly suggestive such that the admission of the identification violated Petitioner's due process rights.  *Stovall v. Denno*, 388 U.S. 293, 301-02, 87 S. Ct. 1967, 1972 (1967).  A photographic array is impermissibly suggestive if "the picture of the accused, matching descriptions given by the witness, so stands out from all of the other photographs as to suggest an identifying witness that that person was more likely to be the culprit."  *United States v. Thai*, 29 F.3d 785, 808 (2d Cir. 1994).

The photographic array, which is attached as an exhibit to Petitioner's habeas application, consisted of six pictures of men of the same race and similar

---

[2] In the instant case, there is no dispute that Petitioner raised the same ineffective assistance of counsel claim that he now advances before the Michigan Court of Appeals.  Importantly, when confronted with a case containing the procedural posture presented here – a federal district court reviewing an ineffective assistance of counsel claim adjudicated on the merits and denied by a state court by way of federal habeas relief pursuant to 28 U.S.C. § 2254(d) – the Court must not conflate the "highly deferential" standards independently created by *Strickland* and § 2254(d).  *Harrington v. Richter*, 562 U.S. at __, 131 S. Ct. 770, 788 (2011) (citations omitted).  Instead, "when the two [standards] apply in tandem," a federal district court must apply a "doubly" deferential standard.  *Id.* (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123, 129 S. Ct. 1411, 1420 (2009)).

complexion with similarly shaped faces and hair styles.  An examination of the photographs reveals that none of the individuals pictured had an identifying mark that would have made him stand out from the others.  Although the age of the individuals pictured appears to vary somewhat, none was significantly older or younger than the others or than the description given by the victim.  That only some of the men pictured had facial hair does not render the array unduly suggestive.  *Schawitsch v. Burt*, 491 F.3d 798, 803 (8th Cir. 2007) ("Reasonable variations in hair length and facial hair are not impermissibly suggestive, especially as they can vary on any given person at different times."); *Jarrett v. Headley*, 802 F.2d 34, 41 (2d Cir. 1986) ("It is not required that all of the photographs in the array be uniform with respect to a given characteristic."). Relatedly, and with respect to the conduct of the law enforcement official administering the photographic array, the victim was informed that the perpetrator may or may not be pictured in the array.

Assuming *arguendo* that the photographic array was suggestive, which it was not, Petitioner has not presented any argument that the identification was unreliable by virtue of the suggestiveness.  *United States v. Crozier*, 259 F.3d 503, 510 (6th Cir. 2001) ("An identification is admissible if reliable, even if obtained through suggestive means.") (citation omitted).

9

The absence of evidence in the record to support the contention that the photographic array was unduly suggestive renders Petitioner's argument that the in-court identification was subject to suppression lacking in merit. *See Simmons v. United States*, 390 U.S. 377, 384, 88 S. Ct. 967, 971 (1968) ("[W]e hold that . . . convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.").

Because the identifications were not impermissibly suggestive, a motion to suppress the identifications would have been futile.  Logic suggests that an attorney cannot be deemed constitutionally-deficient for failing to file a frivolous suppression motion.  Further, an attorney cannot be deemed ineffective for failing to raise a meritless objection as any purported failure to do so would not result in prejudice as that word is used in the ineffective assistance context.  *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068 (explaining that prejudice requires a "show[ing] that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[]").  Accordingly, Petitioner's first objection is not well-taken and he is not entitled to relief on this claim.

Objection #2:

Petitioner next objects to the R&R's conclusion that trial counsel was not ineffective for failing to retain an expert witness to describe the problems inherent in eyewitness identifications to the jury.  (Pet'r's Objs. 2.)  The Michigan Court of Appeals rejected this claim, explaining that an expert was unnecessary because trial counsel thoroughly cross-examined the victim and effectively challenged the identification by doing so.  This determination did not involve an unreasonable application of Supreme Court precedent.  "The Constitution does not require defense counsel to pursue every trial strategy imaginable, whether likely to bear fruit or not."  *Perkins v. McKee*, 411 F. App'x 822, 833 (6th Cir. 2011) (unpublished) (rejecting ineffective assistance of counsel claim rooted in trial counsel's failure to call an expert in eyewitness identifications) (citing *Engle v. Isaac*, 456 U.S. 107, 134, 102 S. Ct. 1558, 1575 (1982)).  Simply stated, "[n]o precedent establishes that defense counsel must call an expert witness about the problems with eyewitness testimony in identification cases or risk falling below the minimum requirements of the Sixth Amendment."  *Id.*  Petitioner has failed to identify anything "about this case suggesting that such a witness was imperative here."  *Id.*  Accordingly, Petitioner's second objection is unavailing.

Objection # 3:

In his third objection, the last pertaining to the effectiveness of trial counsel, Petitioner objects to Magistrate Judge Komives's treatment of his claim that trial counsel was ineffective for failing to investigate his alibi defense and for failing to file a notice of alibi defense in the state trial court. [3]   Petitioner did not raise this issue in the trial court during the post-conviction *Ginther* hearing.  As a result, the Michigan Court of Appeals reviewed this argument (raised by Petitioner for the first time in a *pro se* supplemental Standard 4 brief filed along with appellate counsel's brief on direct appeal) for mistakes apparent from the record.  *People v. Blaylock*, No. 278221, 2009 WL 1693226, at *6 (Mich. Ct. Apps. June 16, 2009) (unpublished) (per curiam).  The Michigan court noted that Petitioner "submitted notarized statements from his mother and sister, who both aver that [Petitioner] was at home with them when the crime was committed."  *Id.* at *7.  After taking note of the statements, the court rejected the claim on the grounds that the affidavits, both dated February 2009, were not properly part of the record.  *Id.*  The state court further indicated that it was crediting defense counsel's testimony at the *Ginther* hearing where counsel explained that Petitioner never informed him of any alibi and had in fact told counsel that he could not recall his whereabouts at the

_____

[3] The Court touches upon the effectiveness of trial counsel in the portion of the Opinion and Order analyzing Petitioner's ineffective assistance of appellate counsel claim as the latter claim is inextricably bound to the former.  *See infra.*

12

time the crime occurred.[4]  *Id.*; (7/11/2008 Tr. 7-8, ECF No. 14-4.)  As noted in the

R&R, this finding is accorded substantial deference on federal habeas review.

Attorneys have "a duty to make reasonable investigations or to make a

reasonable decision that makes particular investigations unnecessary.   In any

ineffectiveness case, a particular decision not to investigate must be directly

assessed for reasonableness in all the circumstances, applying a heavy measure of

deference to counsel's judgments." *Strickland*, 466 U.S. at 691, 104 S. Ct. at

2066.  The duty to investigate "includes the obligation to investigate all witnesses

who may have information concerning [an attorney's] client's guilt or

innocence." *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005).  The touchstone is

whether counsel's choices were reasonable.   *Roe v. Flores-Ortega*, 528 U.S. 470,

481, 120 S. Ct. 1029, 1037 (2000) (citing *Strickland*, 466 U.S. at 688, 104 S. Ct.

2065).   Federal law "has never required defense counsel to pursue every claim or

defense, regardless of its merit, viability, or realistic chance for success." *Knowles

v. Mirzayance*, 556 U.S. 111, 123, 129 S. Ct. 1411, 1420 (2009).

In his objections, Petitioner maintains that he informed counsel of his two

alibi witnesses and that counsel was ineffective for failing to investigate and

pursue this defense.  Petitioner points to two distinct facts in furtherance of this

---

[4] This Court wishes to underscore the point that although the *Ginther*
hearing was conducted to elicit testimony regarding Petitioner's ineffective
assistance claims, the claim involving the failure to investigate Petitioner's alibi
was not among them.  Appellate counsel did not raise the alibi issue at the hearing.

claim.  First, Petitioner explains that he had two alibi witnesses (his mother and his sister) and notes that trial counsel stated on the record at the arraignment that he would be calling two witnesses at Petitioner's trial.[5]  (Pet'r's Objs. 3 (citing 11/27/06 Tr. 3, ECF No. 13-3).)  Nothing in the record, however, identifies the two witnesses referred to by defense counsel as the alibi witnesses.  This Court would have to engage in rank speculation to conclude that defense counsel was referring to Petitioner's mother and sister at the arraignment.  The Court declines to do so.

The second piece of evidence Petitioner cites is a portion of the trial transcript where the judge, outside the presence of the jury, says "those things about people doing inadequate investigations, and not filing notice of alibi, and not knowing what to do really don't apply here.  Because I've noticed that the lawyers here are much more competent. . . ."  (*Id.* at 4 (citing 4/4/07 Tr. 29, ECF No. 14-1).)  While indeed true that the judge makes a passing reference to the failure to file a notice of alibi defense, the comment was made during a conversation in which the judge was contrasting defense counsel's competence with stories the judge had heard regarding attorney incompetence in New Orleans, Louisiana.  In other words, the isolated remark was entirely irrelevant to Petitioner's case.

Lastly, and to the extent that Petitioner objects to Magistrate Judge Komives's observation regarding the credibility of Petitioner's purported alibi

---

[5] Defense counsel called no witnesses at Petitioner's trial.

14

2:10-cv-15044-PJD-PJK   Doc # 20   Filed 04/02/14   Pg 15 of 26   Pg ID 1080

witnesses, the objection misses the mark. The R&R does not indicate that the alibi witnesses were not credible or that they would have been prevented from testifying due to their familial relationship with Petitioner. Rather, the R&R mentions the belated filing of the affidavits (filed approximately two years after Petitioner's conviction) and the potential bias as a means of examining whether the absence of this testimony prejudiced Petitioner. In any event, because the Court is unable to conclude that the Michigan court erred in crediting counsel's testimony, the usefulness of the alibi witnesses' testimony has no bearing on the subject at issue.

Having determined that Petitioner's third objection does not provide this Court with a basis for finding that the Michigan Court of Appeals' decision involved an unreasonable determination of the facts in light of the evidence presented on direct review, this Court concludes that habeas relief is not warranted on this claim. 28 U.S.C. § 2254(d)(2). Alternatively, the Court finds that the two pieces of evidence on which Petitioner relies do not constitute clear and convincing evidence sufficient to rebut the presumption of correctness applicable to the state court's factual determination that Petitioner did not apprise his trial counsel of his alibi defense.[6] 28 U.S.C. § 2254(e)(1); *cf. Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) ("The presumption of correctness [set forth in 28 U.S.C. §

---

[6] As the R&R indicates, "[t]here is some dispute as to whether the § 2254(e)(1) presumption applies where a federal habeas court is considering only the evidence adduced in the state courts." (R&R 20-21 n.3.) The Court therefore addresses the evidence under both the § 2254(e)(1) and § 2254(d)(2) standards.

2254(e)(1)] also attaches to the factual findings of a state appellate court based on the state trial record.").  It follows that the Michigan Court of Appeals did not unreasonably apply binding Supreme Court precedent on the issue of whether trial counsel's performance was deficient.  This is because if trial counsel was not informed of an alibi, he had no reason to investigate potential alibi witnesses or to file a notice of alibi defense.  *Cf. Srickland*, 466 U.S. at 691, 104 S. Ct. at 2066 ("[A] particular decision not to investigate must be directly assessed for reasonableness in all the circumstances[.]").

Objection #4:

Petitioner's fourth and final objection to the R&R involves his ineffective assistance of appellate counsel claim.  (Pet'r's Objs. 5.)  To prevail on such a claim, a petitioner must show that appellate counsel's performance was deficient and that the deficient performance was prejudicial.  *Smith v. Robbins*, 528 U.S. 259, 285, 120 S. Ct. 746, 764 (2000).  In evaluating the performance of appellate counsel, courts are mindful that "appellate counsel . . . need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal."  *Id.* at 288, 120 S. Ct. at 765 (citing *Jones v. Barnes*, 463 U.S. 745, 754, 103 S. Ct. 3308, 3314 (1983)).  The presumption of effective assistance of appellate counsel will not be overcome unless the ignored issues are clearly stronger than those presented on appeal.  *Id.*

16

(citation omitted); *see also id.* at 285, 120 S. Ct. at 764 (providing that appellate

counsel's performance may be deemed deficient if "counsel unreasonably failed to

discover nonfrivolous issues and to file a merits brief raising them[]").  If

successful in demonstrating deficient performance, a habeas petitioner must also

establish prejudice; "[t]hat is, he must show a reasonable probability that, but for

his counsel's unreasonable failure to file a merits brief, he would have prevailed on

his appeal."  *Id.* at 285, 120 S. Ct. at 764 (citation omitted).

Petitioner contends that appellate counsel was ineffective for failing to raise

on direct appeal his claim that trial counsel was ineffective for failing to investigate

and present his alibi witnesses.  The R&R concludes that Petitioner is not entitled

to habeas relief on this claim because the Michigan Court of Appeals'

determination that trial counsel was not ineffective in connection with the alibi

defense necessarily precludes any suggestion that appellate counsel was ineffective

for failing to raise the issue.  This conclusion, however, was reached without any

comment upon or mention of two letters that appellate counsel sent to Petitioner

while his direct appeal was pending.  These letters, discussed in more detail below,

contradict trial counsel's testimony at the *Ginther* hearing where he explained that

17

Petitioner never mentioned an alibi defense and further testified that he did not speak to Petitioner's family members at length at any time.[7]

In the first letter, which accompanied a copy of the brief filed on Petitioner's behalf, appellate counsel indicates that she did "not includ[e] the alibi issue because I think it is clear that there was a strategic decision on the part of [trial counsel]. . . . [T]he law is very clear that a strategic choice is entitled to deference."  (12/4/08 Letter, ECF No. 17 at Pg ID 1018 (explaining to Petitioner that he may file a *pro se* supplemental brief addressing the issue).)  This correspondence is the first indication of any strategic decision by trial counsel.  In the second letter, appellate counsel references Petitioner's knowledge regarding her "investigat[ion on] the issue of ineffective assistance of counsel for failing to call any alibi witnesses."  (9/29/09 Letter, ECF No. 17 at Pg ID 1020.)  Appellate counsel then explains the basis for her belief that trial counsel acted strategically:

> My recollection is that [trial counsel] provided me with a plausible explanation about not calling you[r] mother as a witness because (1) she was your mother and her memory was not tied to any particularly unusual event, or a receipt, or anything like that, and (2) because your mother had some outstanding tickets that may impact her ability to come to court and/or reduce her credibility before a jury.  You know that I also followed up on that and confirmed with your mother that she had some unpaid parking infractions or something like that.  The issue was never whether I would call your mother as a witness; to be

---

[7] Once again, the Court notes that although trial counsel made a few isolated statements relevant to the alibi issue, the failure to investigate and raise an alibi defense was not a subject of the *Ginther* hearing as appellate counsel did not argue that trial counsel was ineffective in that regard.

sure, I probably would have.  The issue is whether [trial counsel] was reasonable for <u>not</u> calling her as a witness; in fact, many attorneys would have made the same call that he did.  Why he went out of his way to author an affidavit saying that he was unaware of alibi witnesses is beyond me, but as I have said, the ultimate truth of the matter will not help you substantively.

(*Id.* (emphasis in original).)  Neither letter references Petitioner's sister.[8]

While it is unclear when appellate counsel elicited this information from trial counsel, what is clear is that appellate counsel failed to bring this inconsistency to the attention of the Michigan courts.  This correspondence calls into question whether trial counsel, consistent with his sworn testimony, did not investigate Petitioner's alibi because he was not apprised of one or whether trial counsel investigated the alibi and made a strategic decision not to pursue it.  Appellate counsel's action (or inaction as the case may be) meant that Petitioner had to raise the issue for the first time in a *pro se* supplemental brief filed with the state appellate court.  In turn, the state appellate court reviewed Petitioner's claim for "mistakes apparent from the record[,]" a record that appellate counsel failed to develop in any meaningful sense.  *Blaylock*, No. 278221, 2009 WL 1693226, at *6.  Rather than pursuing an approach where this issue, which this Court believes was potentially stronger than the ineffective assistance claims appellate counsel did

---

[8] The Court finds this fact significant as Petitioner's defense rested on a theory of mistaken identity.  Testimony from an alibi witness (or of alibi witnesses) would potentially strenghten (depending, of course, on the factfinder's credibilty assessment) such a theory.

choose to pursue, would be developed, appellate counsel's conduct created a

factual record that led the Michigan Court of Appeals to reject Petitioner's

ineffective assistance claim and further led the trial court to reject Petitioner's

motion for relief from judgment.[9]  Irrespective of whether Petitioner would have

been able to show that trial counsel was ineffective had the record been developed,

the information needed to evaluate such a claim is not in the current record.

    Despite the existence of the correspondence calling into question what trial

counsel actually did, this Court is unable to conclude that appellate counsel's

performance was constitutionally ineffective.  *Cf. Greer v. Mitchell*, 264 F.3d 663,

---

[9] The Michigan trial court relied on Michigan Court Rule 6.508(D)(2) to deny Petitioner's motion for relief from judgment (which raised both his claim of ineffective assistance of trial counsel and his claim of ineffective assistance of appellate counsel).  *People v. Blaylock*, No. 06-013464-01-FC (Wayne Cnty. Cir. Ct. June 6, 2011).  This rule provides that courts "may not grant relief to the [movant] if the motion . . . alleges grounds for relief which were decided against the defendant in a prior appeal or proceeding under this subchapter, unless the defendant establishes that a retroactive change in the law has undermined the prior decision."  MCR 6.508(D)(2).   The trial court explained:

> In the instant matter, the Court of Appeals has essentially already decided the issue of trial counsel's ineffectiveness based on Defendant's claim that alibi witnesses were not investigated or called to testify and that no notice of an alibi defense was filed.  [] Although appellate counsel did not raise this issue on appeal, Defendant himself raised these issues in a Standard 4 brief filed along with appellate counsel's brief.[]  Thus, because there has been no retroactive change in the law, he is precluded from again raising either the issue of trial counsel's effectiveness or appellate counsel's effectiveness.

*Id.* (internal citation and footnote omitted).

675-76 (6th Cir. 2001) (noting the inextricable connection between petitioner's ineffective assistance of appellate counsel claim and his claim of ineffective assistance of trial counsel). After all, it is axiomatic that "appellate counsel cannot be ineffective for a failure to raise an issue that lacks merit." *Id.* at 676. If Petitioner never informed trial counsel of his alibi or if trial counsel investigated the alibi and made a strategic decision to not call the alibi witnesses at trial, Petitioner's ineffective assistance of trial counsel claims necessarily fail. Because the effectiveness of appellate counsel is derivative in that it rises and falls with the effectiveness of trial counsel, this Court concludes that the record does not establish Petitioner's entitlement to habeas relief.

On the record before the Court, it does not appear that appellate counsel "unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them." *Robbins*, 528 U.S. at 285, 120 S. Ct. at 764. Rather, it appears that appellate counsel discovered a potentially nonfrivolous issue (trial counsel's alleged failure to investigate Petitioner's alibi defense) and on the basis of her investigation of that issue, decided that trial counsel had a strategic basis for not raising an alibi defense at Petitioner's trial. (9/29/09 Letter, ECF No. 17 at Pg ID 1020.) To the extent that appellate counsel's conduct prevented the creation of an accurate record, it appears to have been a strategic determination on her part. Somewhat curiously, this purported strategy failed to touch upon the

justification(s) for not calling Petitioner's sister. Standing alone, however, this fact does not persuade the Court that appellate counsel performed deficiently.

The Court does harbor concern about the factual inconsistencies regarding what trial counsel did during his preparations for Petitioner's trial.[10] Regardless, on federal habeas review, this Court must view Petitioner's ineffective assistance of trial counsel claims through the "doubly deferential" lens of AEDPA. *Pinholster*, 131 S. Ct. at 1403 (quotation omitted). Because the Michigan courts determined that trial counsel was not ineffective, albeit on the basis of an incomplete record. this Court's "inquiry is at an end; by definition, appellate counsel cannot be ineffective for a failure to raise an issue that lacks merit." *Greer*, 264 F.3d at 676.

Even if appellate counsel's performance was deficient, Petitioner must still demonstrate that but for the decifient performance, he would have prevailed on his appeal. *Smith*, 528 U.S. at 285, 120 S. Ct. at 764. This Court is unable to ascertain the likelihood of Petitioner's success on appeal. Had the issue been raised in the state appellate court, it may have credited trial counsel's *Ginther* hearing testimony or the court may have remanded the matter to the trial court with instructions to conduct a second *Ginther* hearing to develop the record. If the letters from

---

[10] Among these concerns is whether the correspondence, which undoubtedly contains hearsay evidence, constitutes clear and convincing evidence sufficient to overcome the presumption of correctness that attaches to state court factual findings. 28 U.S.C. § 2254(e)(1).

appellate counsel are credited and trial counsel did indeed have a strategic reason for not calling Petitioner's mother as a witness, Petitioner's ineffective assistance claims rest on the reasons for not investigating Petitioner's second alibi witness (his sister) and for not calling her at trial. The record is utterly silent in this regard.

In sum, the Court declines to grant habeas relief on Petitioner's claim that his appellate counsel was ineffective for failing to raise the issue of trial counsel's ineffectiveness in connection with Petitioner's alibi defense. This denial is predicated upon the record evidence suggesting that appellate counsel discovered and investigated this issue with respect to Petitioner's mother before making a strategic decision not to raise it on direct appeal.

### III.   CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *see also* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). Title 28 U.S.C. § 2253 governs appeals in § 2254 proceedings and provides, in pertinent part: "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In explaining the meaning of a "substantial showing" necessary to receive of a certificate of appealability, the Supreme Court has explained that when a district court denies a habeas petition on the merits of the claims presented, a

certificate may issue if the petitioner demonstrates that reasonable jurists would

find the district court's assessment of the constitutional claims debatable or wrong.

*Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000); *see also*

*Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 1034 (2003) ("A

petitioner satisfies this standard by demonstrating that . . . jurists could conclude

the issues presented are adequate to deserve encouragement to proceed further.").

If a petitioner makes the requisite showing and a district court grants a certificate

of appealability, the court must indicate the specific issue or issues for which the

applicant made a substantial showing of the denial of a constitutional right.  28

U.S.C. § 2253(c)(3).

While the Court continues to believe that Petitioner is not entitled to a writ

of habeas corpus for the reasons set forth above, the Court believes that the issue of

whether appellate counsel was ineffective for failing to raise trial counsel's

ineffectiveness concerning whether he failed to investigate and call certain

witnesses may be debatable among jurists of reason.  For this reason, the Court

does not believe that Petitioner should be denied the opportunity to seek appellate

review of this issue.  The Court does not find the remaining issues presented in the

petition debatable among jurists of reason.

## IV.    CONCLUSION AND ORDER

24

Having carefully reviewed the R&R and Petitioner's objections thereto, this Court finds that Petitioner has failed to demonstrate that he suffered ineffective assistance of trial counsel in the state court proceedings under the "doubly deferential" standard federal habeas courts use to review *Strickland* claims brought pursuant to section 2254 of AEDPA.  *Pinholster*, 131 S. Ct. at 1403 (quotation omitted).  The Court therefore adopts the R&R's conclusions regarding Petitioner's three ineffective assistance of trial counsel claims.  Although the Court reaches the same result as Magistrate Judge Komives with respect to Petitioner's ineffective assistance of appellate counsel claim, the Court does not adopt that portion of the R&R as the Court's rationale differs from that in the R&R.

Accordingly,

**IT IS ORDERED** that Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability is **GRANTED** on the issue of whether Petitioner was denied the effective assistance of appellate counsel by virtue of appellate counsel's failure to raise a claim that trial counsel was ineffective for failing to investigate and present Petitioner's alibi witnesses on direct appeal.

Date:  April 2, 2014

s/PATRICK J. DUGGAN<br>UNITED STATES DISTRICT JUDGE

Copies to:

**James Blaylock**, #416253
Muskegon Correctional Facility
2400 S. Sheridan
Muskegon, MI 49442

**Jennifer K. Clark, A.A.G.**
**Laura Moody, A.A.G.**
**Magistrate Judge Paul J. Komives**